IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARLAN BERK, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 CV 8074 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| HEALTH CARE SERVICE CORPORATION, ) | |
| d/b/a BLUE CROSS BLUE SHIELD OF ) | |
| ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Harlan Berk, Ltd.'s Motion to Remand [13] is denied. Defendant Health Care Service Corporation's Motion to Dismiss [9] is granted. Plaintiff is granted leave to file an amended complaint, if any, on or before September 13, 2013.

STATEMENT

    Before the Court is Defendant Health Care Service Corporation, d/b/a Blue Cross Blue Shield of Illinois's ("Defendant") motion to dismiss Plaintiff Harlan Berk, Ltd.'s ("Plaintiff") putative class action complaint pursuant to, *inter alia*, Federal Rule of Civil Procedure 12(b)(1). Also before the Court is Plaintiff's motion to remand. For the following reasons, the motion to dismiss is granted, and the motion to remand is denied.
    Plaintiff's Complaint, which was removed from Illinois state-court, raises two claims in connection with the coinsurance payments its employees allegedly pay pursuant to its employee health insurance plan with Defendant. Specifically, Plaintiff alleges: (1) Illinois common law fraud, and (2) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq*. Defendant argues for dismissal based on complete preemption under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.
    "Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim. ERISA is such an area." Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund, 538 F.3d 594, 596 (7th Cir. 2008). The Supreme Court has stated that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Aetna Health, Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)). ERISA states that, "[e]xcept as provided in subsection (b) of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter

relate to any employee benefit plan described in section 4(a) [29 U.S.C. § 1003(a)] and not exempt under section 4(b) [29 U.S.C. § 1003(b)]." 29 U.S.C. § 1144(a). "Congress chose this aggressive form of preemption in order to 'knock out any effort to use state law, including state common law, to obtain benefits under such a plan.'" Sharp Elecs. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 514 (7th Cir. 2009) (quoting Pohl v. Nat'l Benefits Consultants, Inc., 956 F.2d 126, 127 (7th Cir. 1992)).

  Courts apply a two part-test to determine whether a given action is completely preempted by ERISA. "'[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).'" Franciscan Skemp Healthcare, Inc., 538 F.3d at 597 (quoting Davila, 542 U.S. at 210). First, Plaintiff argues that its claims are not preempted because an analysis of the fraudulent scheme alleged in its complaint will not require an interpretation of the terms of the insurance contract, and that the contract is merely incidental to its fraud claims which involve extrinsic materials. The Court rejects Plaintiff's argument. The fraud alleged by Plaintiff as to the calculation of the coinsurance payments and the use of averages is explicitly contained within the written employee benefits contract. An analysis of the alleged fraud will necessarily involve an interpretation of the contractual terms and a calculation of the amount of benefits caused by any overpayments to which Plaintiff (or its employees) may be entitled. Therefore, Plaintiff could have filed the action under ERISA § 502 to enforce its rights under the terms of the plan. 29 U.S.C. § 1132 (a)(1)(b) ("A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.").

  Additionally, the Court notes that Plaintiff's reliance on the ERISA "savings clause" and the recent Seventh Circuit opinion Larson v. United Healthcare Ins. Co. is misplaced. No. 12-1256, 2013 WL 3836236 (7th Cir. Jul. 26, 2013). The "savings clause" states that "[e]xcept as provided in subparagraph (B), nothing in [ERISA] shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). Because Plaintiff does not allege a violation of any Illinois insurance laws, the ERISA savings clause does not apply here. Likewise, Larson is inapplicable because state insurance law is not at issue; rather, Plaintiff alleges only common law and statutory fraud. See Larson, 2013 WL 3836236, at *5 (providing that "when an ERISA plan includes an insurance policy, the requirements imposed by state insurance law becomes plan terms for purposes of a claim for benefits under § 1132(a)(1)(B)." (citation omitted)).

  As to the second prong, Plaintiff has not alleged "an independent legal duty," such as a fiduciary relationship, owed by Defendant outside of its obligations under the plan. Thus, Plaintiff's action alleging fraudulent terms contained wholly within the employee benefits contract is completely preempted by ERISA. Accordingly, Defendant's motion to dismiss is granted. Because the Court finds that Plaintiff's state-law claims are completely preempted by ERISA—which is under the exclusive jurisdiction of the federal courts—Plaintiff's motion to remand is denied. See Franciscan Skemp Healthcare, Inc., 538 F.3d at 596.

      For the foregoing reasons, Defendant's motion to dismiss is granted and Plaintiff's motion to remand is denied. Plaintiff is granted leave to file an amended complaint, if any, on or before September 13, 2013. If Plaintiff avails itself of this opportunity, it is admonished to take into account Defendant's arguments regarding standing.

      IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 20, 2013